## Hart v. Wolf Township Board of Adjustment

*Patrick H. Fierro,* for appellant.
*Malcolm S. Mussina,* for zoning board of adjustment.

WOOD, J., May 19, 1972.—This matter concerns an application by appellant, J. Ernest Hart, to construct a factory-built home on a Wolf Township parcel which is zoned for residential use. It is agreed that the application was rejected because it proposes a structure to be built in a manner other than that provided by article 2, sec. VI (4), of the township zoning ordinance. The ordinance provides that buildings in the residence district are to be constructed as follows:

"4. Construction in this zone must be of a custom cut on site or pre-cut or approved masonry construction. Example—block building with aluminum, brick or stone siding."

In order for a zoning ordinance to be a proper exercise of a municipality's police power, its provisions must bear a reasonable relationship to public health, safety, morals or the general welfare, and must not be unjustly discriminatory, arbitrary, unreasonable or confiscatory in their application to a particular piece of property: Anstine v. Zoning Board of Adjustment, 411 Pa. 33 (1963).

The structure involved is a residence which is to be delivered to the home site completely framed, wired, insulated and paneled. From an inspection of the

floor plans and the architectural diagrams submitted, it is evident that the structure will be delivered in two sections and erected on a foundation prepared at the site. The structure is designed and built to be permanently affixed to the land once erected, but it is neither custom cut nor pre-cut, nor is it of approved masonry construction.

The enabling legislation provides that zoning ordinances may regulate construction. See the Pennsylvania Municipalities Planning Code of July 31, 1968, §603, 53 PS §10603. However, it is one thing to regulate construction and another to regulate by what means and at what places it is accomplished. It serves no legitimate purpose or object of zoning to require that construction be on-site or pre-cut, since such a requirement bears no reasonable relationship to public health, safety, morals or general welfare. It is suggested by counsel that on-site construction is a reasonable requirement, since it affords an adequate opportunity for inspection of safety features. While this might have been considered at the time the ordinance was adopted, there is nothing in the ordinance to support an inference that such a purpose is involved. Furthermore, there are direct means to make certain that building standards are established and enforced. This usually is accomplished by the enactment of a building code. See Chapter VII of the Second Class Township Code of May 1, 1933, as amended, 53 PS §65750.

It is also contended that the proposed type of home is aesthetically undesirable in a residential zone, and so is subject to prohibition. Aesthetic values may be important considerations when passing on the validity of a zoning ordinance: Bilbar v. Easttown Township Board of Adjustment, 393 Pa. 62 (1958). However, there is no direct reference to aesthetic considerations

in the subject ordinance, nothing to support an inference that they are among the purposes of the ordinance and no standards to determine aesthetic requirements. Furthermore, a restriction on the manner by which a design is executed has no bearing on the aesthetic appeal of the structure. There is nothing before the court to support a conclusion that on-site, pre-cut or approved masonry construction would afford an assurance of a superior aesthetic appearance. Such a result is a consequence of artful design plus competent execution; it is not dependent upon restriction to one of several construction options.

We noted recently in Mosteller Appeal, 12 Lyc. Rep. 173, 178 (1971), that we recognize "both the presumption of constitutionality and the presumption that a municipality acts to serve the public welfare. However, it is proper to inquire whether the prohibitions of an ordinance bear a substantial relationship to the public health, safety, morals or general welfare." See also Anstine v. Zoning Board of Adjustment, supra, at 39; Commonwealth v. Crash, 55 Pa. Mun. L. R. 310, 316 (1964).

For the reasons set forth, we have determined that the subject construction provision of the Wolf Township Zoning Ordinance is not enforceable against appellant in the determination of his entitlement to a permit.

ORDER

And now, this May 19, 1972, the Wolf Township Board of Adjustment is directed to grant a building permit to J. Ernest Hart, for the construction of a single-family dwelling as proposed. ·